

Gerald C. Mann
XXXXXXXXXXXX
PRICE DANIEL
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS          October 19, 1939

Hon. Geo. H. Sheppard          Opinion No. O-1571
Comptroller of Public          Re: Traveling expenses of (a)
  Accounts                         district judges and dis-
Austin, Texas                      trict attorneys, (b) of
                                   state employees provided
                                   for in the departmental ap-
                                   propriation of the Forty-
                                   sixth Legislature.

Dear Sir:

    We have your letter of October 9, 1939, wherein
you ask several questions, which we will quote and discuss
in their order.

    Your first question is as follows:

    "House Bill 257, the General Appropriation
Bill for the Judiciary, passed by the Forty-
sixth Legislature, carries the following rider:

        'Unless otherwise specifically provided
        by the statutes, it is provided that any
        officer or employee who travels on offi-
        cial State business and who uses his own
        car while so doing shall be reimbursed for
        the use of said car on the basis of the
        total mileage traveled during any calen-
        dar month at the following rate:  Five
        cents (5¢) a mile for the first thousand
        miles traveled, four cents (4¢) a mile
        for the second thousand miles traveled,
        three cents (3¢) a mile for the third
        thousand miles traveled and two cents (2¢)
        a mile for each mile traveled in excess
        of three thousand miles.'

    "Does this rider offset or limit the ex-
penses of District Judges and District Attorneys
provided for in Article 6820, R.C.S.?"

    Article 6820, of the Revised Civil Statutes, to
which you refer, reads as follows:

    "All district judges and district attor-
neys when engaged in the discharge of their

official duties in any county in this State other than the county of their residence, shall be allowed their actual and necessary expenses while actually engaged in the discharge of such duties, not to exceed four dollars per day for hotel bills, and not to exceed four cents a mile when traveling by railroad, and not to exceed twenty cents a mile when traveling by private conveyance, in going to and returning from the place where such duties are discharged, traveling by the nearest practical route. Such officiers shall also receive the actual and necessary postage, telegraph and telephone expenses incurred by them in the actual discharge of their duties. Such expenses shall be paid by the State upon the sworn and itemized account of each district judge or attorney entitled thereto, showing such expenses. In districts containing more than one county, such expenses shall never exceed in any one year $100.00 for each county in the district; provided that no district judge or attorney shall receive more than $600.00 in any one year under the provisions of this article. The account for said services shall be recorded in the official minutes of the district court of the county in which such judge or attorney resides, respectively."

You are advised that it is our opinion that this article is an illustration of an instance wherein it is "otherwise specifically provided by the statutes", and therefore, that the rider which you quote, by its own terms, does not relate to the expenses of district judges and district attorneys provided for in Article 6820, Revised Civil Statutes, 1925.

Your second question is as follows:

". . . I should also like you to advise whether a similar rider under the Departmental Appropriation Bill, S.B. 427, Regular Session of the Forty-sixth Legislature, limits a department from paying a lesser amount than 5¢ per mile for the first thousand miles during any calendar month if the employee actually expends 5¢ for such travel. In other words, is it mandatory that the department pay the employee a full 5¢ a mile for the first thousand miles traveled if the employee has actually expended that much money?"

The applicable portion of the rider appended to Senate Bill No. 247, to which you refer, is as follows:

"Unless otherwise specifically provided by the statutes, it is provided that any officer or employee who travels on official state business, and who uses his own car while so doing, shall be reimbursed for the use of said car on the basis of the total mileage traveled during any calendar month at the following rates: five cents a mile for the first thousand miles traveled, four cents a mile for the second thousand miles traveled, and three cents a mile for the third thousand miles traveled, and two cents a mile for each mile traveled in excess of three thousand miles. . . "

Attention is directed to the fact that this rider uses the word "shall". "Shall", when found in a legislative enactment relating to the duties of public officers or employees, is ordinarily regarded as having been used by the Legislature in the mandatory sense, unless the context compels or suggests a contrary construction. We find nothing to suggest that the word "shall", in this rider, was not used by the Legislature in the mandatory sense, and we, therefore, answer your second question in the affirmative.

Your third question is as follows:

"Does the General Statute, Article 6823, supersede and override the "Limitation of Mileage Rider" in the Departmental Appropriation Bill?"

Article 6823, Revised Civil Statutes, 1925, as amended by the Acts of 1931, Forty-second Legislature, page 372, Chapter 218, Section 1, reads as follows:

"The traveling and other necessary expenses incurred by the various officers, assistants, deputies, clerks and other employees in the various departments, institutions, boards, commissions, or other subdivisions of the State Government, in the active discharge of their duties shall be such as are specifically fixed and appropriated by the Legislature in the general appropriation bills providing for the expenses of the State Government from year to year. When appropriations for traveling expenses are made any allowances or payments to officials or employees for the use of privately

Hon. Geo. H. Sheppard, Page 4

owned automobiles shall be on a basis of actual mileage traveled for each trip or all trips covered by the expense accounts submitted for payment or allowance from such appropriations, and such payment or allowance shall be made at a rate not to exceed five (5¢) cents for each mile actually traveled, and no additional expense incident to the operation of such automobile shall be allowed."

There is no point of conflict between Article 6823, as amended, and the "Limitation of Mileage Rider" in the Departmental Appropriation Bill, and you are, therefore, advised that in our opinion Article 6823, as amended, does not supersede or override the "Limitation of Mileage Rider" in the Departmental Appropriation Bill passed by the Forty-sixth Legislature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Richard W. Fairchild

Richard W. Fairchild, Assistant

RWF:FG:wb

APPROVED OCT 23, 1939

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE

BY          BWB, Chairman